Matter of Stengel v Vance (2021 NY Slip Op 05313)





Matter of Stengel v Vance


2021 NY Slip Op 05313


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ. 


Index No. 161417/19 159401/19 Appeal No. 1428114282 Case No. 2020-02617, 2020-02614 

[*1]In The Matter of Andrew M. Stengel, Petitioner-Appellant,
v
Cyrus R. Vance, Jr., etc., et al., Respondents-Respondents.
In The Matter of Andrew M. Stengel, Petitioner-Appellant,
v
Cyrus R. Vance, Jr., etc., et al., Respondents-Respondents.


Bell Law PLLC, New York (Henry Bell of counsel) for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Madeleine Guilmain and Stephen J. Kress of counsel) for respondents.



Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about April 27, 2020, denying the petition to compel respondents to disclose records pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90) and dismissing the proceeding brought pursuant to CPLR article 78, and order, same court (Arthur F. Engoron, J.), entered February 26, 2020, which denied the petition to compel respondents to disclose records pursuant to FOIL and directed the Clerk to dismiss the proceeding brought pursuant to article 78, unanimously affirmed, without costs.
In both proceedings, the court properly found that the records sought were attorney work product, which is specifically protected from disclosure by CPLR 3101(c) (see Matter of Stengel v Vance, 192 AD3d 571, 571 [1st Dept 2021]). The records "cannot be redacted pursuant to FOIL, which permits redactions of records only under the personal privacy exemption" (id.).
Petitioner is not entitled to attorneys' fees and other litigation costs in either of the proceedings, since he has not substantially prevailed, and in any event, respondents had a reasonable basis for denying access to the records sought (see id. at 572).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021